IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEANETTE SWACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-76 |
| | ) | |
| OS RESTAURANT SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The plaintiff, Jeanette Swacker, sued OS Restaurant Services, LLC, under the Fair Labor Standards Act (FLSA). The parties have reached a proposed settlement agreement and have filed a joint motion for judicial approval of the proposed settlement and for an award of attorney's fees. Upon consideration, the motion will be granted.

Ms. Swacker worked as a server for Outback Steakhouse, one of the defendant's restaurants, from November 2018 to June 2021. Doc. 10 at ¶¶ 19, 21. She alleges that the defendant willfully failed to comply with the minimum wage requirements under the FLSA. *Id.* at ¶¶ 39–49. Ms. Swacker's original complaint, filed in January 2023, included collective action allegations, Doc. 1 at ¶¶ 9–10, but she removed these allegations in her amended complaint because the defendant is already involved in a conditionally-certified collective action in which the plaintiffs assert similar claims. *See Sanders v. OS Rest. Servs., LLC*, No. 21-CV-4778, Doc. 43 (N.D. Ga. Sept. 1, 2022). The defendant denied violating the FLSA, Doc. 11 at ¶¶ 39–49, and asserted various affirmative defenses. *Id.* at 13–16.

In May 2023, the parties reached a proposed settlement agreement. Doc. 13-1. The agreement provides that Ms. Swacker will receive $1,104 in unpaid overtime compensation and $1,104 in liquidated damages. *Id.* at 3. Her attorneys will receive $2,292 in attorney's fees. *Id.* In exchange, Ms. Swacker agrees to release the defendant and related entities "from all actions and causes of action" that she may have "from the beginning of the world to the date of" the agreement. *Id.* at 4. The release is "unrestricted in any way by the nature of the claim," *id.*, except that it does not include "claims for latent injuries sustained while working on the job for OS Restaurant Services not reasonably discoverable at the time" of the agreement. *Id.* at 5. The defendant continues to deny liability on the FLSA claims. *See id.* at 6.

"[T]here is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010) (cleaned up). Settlements must be supervised by the Department of Labor or a court, primarily to deal with concerns over inequality in bargaining power between employers and employees. *Id.*

District courts in this circuit review a proposed settlement by evaluating whether it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014); *see also, e.g.*, *Blackmon v. Cohen*, No. 17-CV-890, 2020 WL 91914, at *1 (M.D.N.C. Jan. 8, 2020). Specifically, courts evaluate: (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; (3) and the reasonableness of attorney's fees. *Duprey*, 30 F. Supp. 3d at 408. If there is no real doubt that the defendant violated the FLSA, then

2

the plaintiff is entitled to the full value of her unpaid wages and liquidated damages. 29 U.S.C. § 216(b); *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945).

Here, the parties engaged in informal discovery, and the defendant produced Ms. Swacker's timekeeping records. *See* Doc. 14 at 4. From these records, Ms. Swacker's counsel determined that her claim for unpaid wages does not exceed $657.82. *Id.* at 5. There is no evidence of collusion, and plaintiff's counsel negotiated the settlement at arm's length after reviewing the timekeeping records. Given the costs of litigation and the defendant's statute of limitations defense, *see* Doc. 11 at 14, the amount of the recovery is good; Ms. Swacker will receive more than 100% of her unpaid wages and full liquidated damages. *See* Doc. 13-1 at 3.

The release is broad and not limited to wage-and-hour claims. "A general release like this can render the agreement unreasonable." *Duprey*, 30 F. Supp. 3d at 410; *see also Saman v. LBDP, Inc.*, No. 12-CV-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013). But courts may approve of an agreement containing a broad release if the employee is reasonably compensated for such release. *Duprey*, 30 F. Supp. 3d at 410; *Saman*, 2013 WL 2949047, at *5; *see Vazquez-Aguilar v. Gasca*, 513 F. Supp. 3d 675, 682–83 (E.D.N.C. 2021) (denying motion to approve settlement in part because the release was overbroad and the parties did not show that the plaintiff would be independently compensated for the release); *Hendrix v. Mobilelink Va., LLC*, No. 16-CV-394, 2017 WL 2438067, at *3–4 (E.D. Va. May 26, 2017) (same); *Robinson v. Harrison Transp. Servs., Inc.*, No. 15-CV-298, 2016 WL 3647616, at *3–4 (E.D.N.C. June 30, 2016) (same). Here, the broad release does not render the agreement

3

unreasonable; Ms. Swacker will receive an amount greater than her claim for unpaid wages in exchange for the general release.  *See* Doc. 14 at 5 & n.2.

The amount of attorney's fees and costs are reasonable.  Courts use the lodestar principles as a guide or cross check in evaluating an award of attorney's fees in FLSA settlements.  *Davis v. BT Ams. Inc.*, No. 16-CV-206, 2017 WL 11506967, at *3 (E.D. Va. May 10, 2017).  A court determines the lodestar amount by multiplying a reasonable hourly rate by the hours reasonably expended; then it assesses overall reasonableness using the factors outlined in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978).

Plaintiff's counsel seeks an award of $1,800 in attorney's fees and $492 in costs.  Doc. 15-1 at ¶ 11.[1]  Ricardo Prieto and Melinda Arbuckle worked on this case, *id.* at ¶¶ 2, 7, along with local counsel Jacob Modla.  *Id.* at ¶ 3.  Mr. Prieto and Ms. Arbuckle are senior partners at a wage and hour firm in Texas and are experienced in employment law.  *Id.* at ¶¶ 1, 5–10.  Plaintiff's counsel only seeks attorney's fees for the 3.6 hours Mr. Prieto spent meeting with Ms. Swacker, drafting the complaint, and reviewing the motion for settlement approval.  *Id.* at ¶ 15.  The requested fees do not include the additional time Mr. Prieto, Ms. Arbuckle, Mr. Modla, and others spent on the case.  *Id.*  The requested costs account for the filing fee and the cost to obtain service through a process server.  *Id.*

---

[1] Plaintiff's counsel submitted this declaration in response to an order requiring plaintiff's counsel to submit evidence on the reasonableness of the attorney's fees requested.  *See* Text Order 06/01/2023.

at ¶ 12; *id.* at 10. The award of attorney's fees and costs is more than reasonable in light of the labor expended and the experience of counsel.

The proposed settlement is a fair and reasonable resolution of a bona fide dispute and the requested attorney's fees and costs are reasonable. The joint motion for judicial approval of the proposed settlement agreement will be granted.

It is **ORDERED** that:

1. The parties' joint motion for approval of the proposed settlement agreement, Doc. 13, is **GRANTED**.
2. Payment **SHALL** be made under the terms of the proposed settlement agreement. Doc. 13-1.
3. The plaintiff's claims are **DISMISSED** with prejudice.
4. Judgment will be entered separately.

This the 20th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE